IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS A. JONES,

                         Plaintiff,
   v.                                                     OPINION & ORDER

BETH EDGE, JOANNE GOVIER,                      16-cv-848-jdp
and LARRY PRIMMER,

                         Defendants.

---

Plaintiff Nicholas A. Jones, a state of Wisconsin inmate confined at the Wisconsin Secure Program Facility, brings this lawsuit alleging that defendant prison officials mistreated his allergic reaction to protein powder, and that defendants then retaliated against him for attempting to file a grievance about the mistreatment.

Defendants move for partial summary judgment limited to Jones's claims that defendant Joanne Govier retaliated against him by confiscating his grievance about his treatment and issued him a false conduct report, and that defendant Larry Primmer retaliated against him by convicting him of the conduct report and having the grievance materials destroyed. They contend that Jones failed to exhaust his administrative remedies regarding these claims by failing to appeal the allegedly retaliatory grievance.

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement is mandatory and "applies to all inmate suits." *Woodford v. Ngo*, 548 U.S. 81 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The exhaustion requirement's primary purpose is to "alert[ ] the state" to the problem "and invit[e] corrective action." *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004).

Section 1997e(a) requires "proper exhaustion," *Woodford*, 548 U.S. at 93; *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which means that the prisoner must follow prison rules when filing the initial grievance and all necessary appeals, "in the place, and at the time, the prison's administrative rules require." *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo*, 286 F.3d at 1024.

Usually, the State of Wisconsin makes administrative remedies available to inmates under the Inmate Complaint Review System (ICRS). But there are certain limits to inmates' use of the ICRS. Under Wis. Admin. Code § DOC 310.08(2)(a), an inmate may not use the ICRS to raise "[a]ny issue related to a conduct report, unless the inmate has exhausted the disciplinary process in accordance with ch. DOC 303." Accordingly, if an issue "is related to a conduct report, the inmate must raise it at the time of his disciplinary hearing and again on appeal to the warden, assuming the matter is not resolved at the disciplinary hearing stage." *Lindell v. Frank*, 2005 WL 2339145, at *1 (W.D. Wis. Sept. 23, 2005). After the disciplinary appeal is complete, an inmate may use the ICRS only to appeal procedural errors. Wis. Admin. Code §§ DOC 303.82(4); 310.08(3).

Here, defendants produce evidence showing that Jones did not take any administrative action to complain about the retaliatory grievance: he did not appeal his disciplinary hearing, nor did he file a separate procedure-based grievance after his disciplinary conviction. Jones did not file an opposition brief or any evidentiary materials challenging defendants' version of events, so their facts are undisputed. From that evidence, I conclude that Jones failed to exhaust his administrative remedies on his retaliation claims about his conduct report, so I will dismiss those claims without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (dismissal

for failure to exhaust is always without prejudice). Because those are the only claims against defendant Primmer, I will dismiss him from the lawsuit.

ORDER

IT IS ORDERED that:

1. Defendants' motion for partial summary judgment on plaintiff Nicholas A. Jones's retaliation claims about his conduct report, Dkt. 17, is GRANTED. Those claims are DISMISSED without prejudice.

2. Defendant Larry Primmer is DISMISSED from the lawsuit.

Entered October 25, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge